IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MAYER HOFFMAN MCCANN P.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 08-00574-CV-W-GAF |
| | ) | |
| | ) | |
| THOMAS L. BARTON, ANTHONY W. | ) | |
| KRIER, JAMES N. STELZER, and | ) | |
| JOHN C. WALTER, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Pending before the Court is Plaintiff Mayer Hoffman McCann P.C.'s Motion for Sanctions for Defendants' Failure to Comply with Court's Orders of December 31, 2008 and January 13, 2009. (Doc. #105). When a court finds sanctions are necessary, case law provides that it "may exercise its discretion to choose the most appropriate sanction under the circumstances." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1022 (8th Cir. 1999). Fed. R. Civ. P. 37(b)(2)(A) governs the imposition of sanctions for failure to obey a discovery order. That subsection lists a number of alternatives, none of which are particularly relevant here because the Court's hearing on the merits of the dispute has since passed. Subpart (b)(2)(C) of that same rule further provides that "[i]nstead of or in addition to the [listed alternatives], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." "In order to impose sanctions under Rule 37, there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." *Carey*, 186 F.3d at 1019 (citation omitted).

1

In this case, clear orders compelling discovery are present in the record. Further, Defendants willfully ignored the orders, claiming to have misunderstood the dispute or orders in question. The Court fails to see how Defendants could have been confused regarding the matter since the request for production giving rise to the present motion was directly addressed and specific directions were given in a discovery conference and a subsequent written order. If Defendants were confused, they had an obligation to approach the Court or Plaintiff for clarification rather than disregard the orders completely. Finally, Plaintiff was prejudiced due to the expense and time expended in efforts to ensure compliance with the Court's orders during accelerated preparation for trial.[1] Plaintiff's Motion is therefore GRANTED and Defendants and/or Defendants' attorneys[2] are ORDERED to pay to Plaintiff its reasonable costs and expenses related to Defendants' failure to comply in the amount of $3,023.00.[3]

**IT IS SO ORDERED.**

                                                      s/ Gary A. Fenner
                                                    Gary A. Fenner, Judge
                                                    United States District Court

DATED: April 2, 2009

---

[1] In any event, the Court doubts whether a showing of prejudice is necessary to require payment of reasonable expenses under Rule 37(b)(2)(C) since that subsection states reasonable expenses caused by the failure must be awarded "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Nothing on the record here justifies Defendants' obstinance–they were given ample opportunity to make objections to the discovery and were obligated to comply with the Court's orders once the Court ruled on the issue.

[2] Defendants and Defendants' attorneys are jointly and severally liable for the award of reasonable expenses and attorneys' fees.

[3] Plaintiff's request that Defendants be precluded from arguing, testifying, or introducing evidence that they have not improperly solicited Plaintiff's clients since the temporary restraining order and preliminary injunction first went into effect is DENIED as moot.